Good morning everyone. The first argued case this morning is number 09-1054, Conforti v. The Ocean Group. Mr. DeFranco. May it please the Court, Your Honor. I'm here on behalf of Mr. Conforti, who is the sole inventor on the patent that's at issue here. And we're here today, Your Honors, because the District Court granted summary judgment that Mr. Conforti's patent was invalid for anticipation and obviousness over the prior hour. Now, I will address two points, Your Honors, today in support of vacating the District Court's summary judgment. Number one, the District Court erred in its claim construction. And number two, that viewing the evidence in the light most favorable to Mr. Conforti, there are genuine issues of material fact as to the prior act's anticipation and obviousness of the claimed invention. Your Honors, Claim 1 is representative of the claims asserted against the defendants in this case. And Claim 1 can be seen at page 36 of the appendix. Now, Claim 1 recites a thermometer with a light source and a temperature probe. And it requires the light source to provide visible light in a vicinity of the probe. But the claim does not stop there, Your Honors. The claim goes on to define exactly where that light must shine. Let's concentrate on obviousness as well, because that's a larger burden, I think, for you. Okay. Now, just so we do concentrate on obviousness, let's focus on the fact that the claim requires that the light externally illuminate a region in front of and behind the tip of the probe. How do you get around Casio? The examiner didn't have that, so it's hard for you to rely on the examiner's grant of the patent. How do you get around Casio? Your Honor, if you look at Casio, which is on page 80, and you look at the figure 6 in Casio, which is on appendix page 80, you see there that the light on that thermometer is a narrow beam aimed directly at the air canal, Your Honors. Well, that's just a depiction of the direction of the light. Certainly, there's nothing in that patent that suggests that the light is collimated in the manner shown in figure 6. Well, Your Honor, defendants, and I would like to point you to appendix page 654, Your Honors. And this is really the crux of the Casio reference, page 654. And that is where the defendants contend that in practice, Casio's light does not, in fact, illuminate the probe itself. And with that in mind, they say, I would like to direct your attention to page 654, Your Honor. Now, this is a depiction of Casio. This is defendants' own evidence that simulates Casio figure 6. And this is an experiment done by defendants' own expert, a person of ordinary skill in the art. But we're not dealing with experiments. We're dealing with what Casio discloses, and it does disclose a light separate from the probe. It reads practically right on your language. How do you escape that? Because the defendants are saying that this is a picture of Casio, Your Honor. They're saying that this actually simulates what Casio does. But what Casio does in a simulated test is irrelevant. It's what it teaches, and it does teach a light independent of the probe. Your Honor, what Casio teaches is shining a narrow beam of light at a spot simulating an air canal. And it teaches shining that light at the air canal for a reason. And it's a narrow beam for a reason, because you want to find the spot where you actually can take the best measurement of the temperature of a person's body. And it shows that that's all the prior art teaches, whether it's Casio, Draco, or any other prior art, shining a light or directing, aiming a narrow beam of light at the air canal. That is not Mr. Conforti's claimed invention. Other than figure six, is there anything anywhere else in Casio that suggests that that light is a collimated, narrow beam of light as you've described it? Yes, Your Honor. I think if you look at the Casio reference, and it would be specifically at appendix page 71, paragraph 2, it states the purpose of the Casio reference is to look into the air canal and find the air drum. And it's showing a narrow beam of light. Well, if you look at appendix page 70, it says light 12 is mounted on the case body so that it can emit light along the detection direction of the temperature. And that's what Casio is saying, Your Honor, that Casio is really a directional finder. It's aiming a narrow beam of light so that you can find the direction to place that probe. You say it's a narrow beam of light, but that's your interpretation. But I think figure six shows it being a narrow beam of light. And, Your Honor, I really don't want to lose sight of this photograph because this is what the defendants are saying. You must take the evidence in light most favorable to Mr. Conforti. But isn't Casio illuminating behind the tip of the probe just as your language reads? No, Your Honor, because if you read that language, a region in front of and behind the tip of the probe, it means shining the light on a place, brightening a place at the tip. How can you have a light lit behind the tip of the probe that doesn't illuminate that region behind the tip of the probe? In other words, by virtue of the fact that there's a light there as shown in figure six of Casio, it's got to be illuminating that region. No, Your Honor, I respectfully disagree because this shows the light in Casio, a narrow beam of light illuminating the air canal. It shows a secondary beam, Your Honor. I see illumination along the whole path of that light. Right, but Your Honor, where is the probe? Including the portion behind the tip of the probe. So why doesn't it read on? But illuminate in the claim means to brighten, to brighten the probe. Why isn't it just as bright at this end of your hypothetical experiment as it is at the other end? Both ends are illuminated, are they not? Your Honor, first of all, this is not my evidence. That doesn't matter. They're both illuminated, are they not? And how could they be otherwise? No, but the problem is the probe is not illuminated here, Your Honor. And where does this require that the probe has to be illuminated in your claim language? It just says there's externally illuminating a region in front of and behind the tip. Because, Your Honor, you cannot read that language in isolation. You must read it in the context of the specification in the drawings. And the specification in column 2, and I believe it's line 19, specifically says, expressly says that you point the light at the probe or that the light faces towards the probe. And it also goes on to say in column 2, line 19 through, I believe it's 24, the specification that the probe itself is illuminated. It expressly says that. And it also says that the tip itself could be part of an illuminate material. Hold up your little thing again there. Yes. Is there an illumination in a region in front of the probe? Is there illumination in front of the probe? No, Your Honor. There is. The probe ends clear back here and there's illumination in front of it. No, Your Honor. Do you see the probe here? I barely can see the probe. It doesn't matter. There's illumination in front of it. Put your finger at the other end of the picture. The other end of the picture. Isn't that illumination in front of the probe? The answer is yes. Now is there illumination behind the probe? Put your finger at the other end of the picture. That's behind the probe. That's all it requires, your claim requires. I respectfully disagree, Your Honor. It requires illuminating behind the tip of the probe. And there is no illumination behind the tip here. You've got your thumb right there on illumination behind the tip of the probe. Your Honor, but the claim says a region in front of and behind the tip of the probe. The region means the specific region around the probe, Your Honor. And that's what the specification says. It says the light must face towards the probe or it must be part of the probe. And if you look at the drawings as well, they support that interpretation. Now, Your Honor, the district court said that any light would be illuminated. I mean any light would illuminate the probe. And, Your Honor, I disagree with that only because this shows that the light would not illuminate the probe. You cannot see the probe here. You see a narrow beam of light simulating the air, shining on the air. And then you see some secondary illumination in a wider part of the beam emanating from the source. But nowhere is that bright light, which illuminate means to brighten, no part of that bright light is illuminating this probe. It's just a faint image. It's hiding in the shadows here. This is the depiction, the simulation of Casio as it would actually work in practice. And its defendants support for inherent anticipation as well as express anticipation. Now, Your Honor, this does not show the light illuminating the probe. The spec, your specification at column 3 lines 57 and 58 says the light can be positioned somewhat parallel to the sensor tip direction. That would not require illumination of the probe, would it? If it were parallel, it would be illuminating something in front of the probe, but not the probe itself. Your Honor. Any more than this would. Your Honor, it says somewhat parallel. It's because this is not a very focused narrow beam. You're really relying on some pretty fine parsing of language here, aren't you? You want us to read illumination, region, and everything in very, and somewhat in very specific, narrow ways that would preserve your patent. Your Honor, and I think you've hit the point here. Yes. Where a claim is subject to two interpretations, two plausible interpretations, and I think this claim is because even the district court acknowledged that it's strangely oblique. But that's talking just about anticipation. Wouldn't you have tremendous difficulty with obviousness? Okay. No, Your Honor. On the point of obviousness, the district court said that this is simply an old arrangement of elements that would yield no more than one would expect from such an arrangement. Now, Your Honor, I concede that simply attaching a light to a thermometer would be obvious. However, that's not the claimed invention here, Your Honor. The claimed invention went against all conventional wisdom in the prior art. And the prior art here teaches aiming a narrow… What was the conventional wisdom that it went against? The conventional wisdom here is the teaching in the prior art of aiming a narrow beam of light to illuminate an air canal so to find a specific spot in the air canal where you can get an accurate temperature reading. And that's what Calcio talks about in its paragraph two describing the prior art. You want to illuminate a very specific spot. It's like a directional finder. You illuminate that spot. You find where you can take the most accurate temperature reading, and then you take the probe to that spot. It's basically a directional finder. Your Honor, Mr.… Why can't I use that to find the ear in the first place? That is what Calcio is for. And why isn't that the same thing you're doing? Because Mr. Conforti is solely concerned with illuminating the probe itself. And the reason why is, and he talks about it in his specification, so that you can see whether the tip of that probe is clean or so you can change the probe covers on the probe. And he talks at length about these disposable probe covers in a dispensing mechanism, and I believe it's also in some of his dependent claims. And he uses that light to actually see the probe itself. But the claim doesn't say anything about illuminating the probe itself, does it? Your Honor, I believe that you have to read the claim in the context of the specification in the drawings. In there, it specifically shows the region being the probe itself. And that's why you must read the claims. The law requires that you read the claims in the context of the specification. Let's hear from the other side, and we'll save you a rebuttal time. Thank you, Your Honor. Mr. Leitch. Thank you, Your Honor. Good morning, and may it please the Court. Conforti's patent, first off, I should say that the district court judgment should be affirmed in all respects. As the Court has noted, CASIO fully discloses everything that's claimed in Claim 1 of the Conforti patent. My colleague across the aisle has pointed to the specification of the Conforti patent, and I would like to point to Figure 1 of the Conforti patent, which is used in the reply brief. I think it's at page 13 of the reply brief, as exemplary of the projection of the illumination feature of the CASIO patent. And as Conforti's own expert, Dr. McCarrick, testified, the rays that are emanating in Figure 1 do not impinge upon the probe, any more than the Figure 6 rays in CASIO are shown to impinge on the probe. Yet everyone knows that illumination occurs in a wide span, and as Dr. McCarrick again, Conforti's own expert, testified, the lights don't emit lines, they emit rays, and the rays go everywhere. And so therefore you know, just as CASIO shows in Figure 6, that the light is illuminating behind the tip of the probe and in front of the tip of the probe. Now, with respect to the specification, the specification does not say in it that the light that is positioned behind the tip of the probe actually impinges on the probe itself. The language that was referred to in the specification in Column 2 was when the light is positioned on the probe itself, and then it says in that situation the probe will be illuminated. It doesn't say that when the light is behind the probe, separately positioned, it's going to illuminate the probe. Did this report found a summary judgment on anticipation and obviousness? That's correct. With respect to anticipation, even if CASIO disclosed everything in Claim 1, what about Claims 2, 3, and 19, where you've got additional elements like an LED and other things that I don't think are disclosed in CASIO? Your Honor, several points on that. Number one is Conforti did not address those at all in his brief. He has not contested those aspects of the district court judgment, so we would deem those as waived. But secondly, with respect to CASIO, Claim 2 deals with having a switch where the light is independently activated and or the temperature scan is independently activated, and Claim 19 only has an independent activation of the light. CASIO does disclose an electronic switch which can be programmed, and it specifically says you can program it independently, so you can turn the light on alone without turning the temperature on. So we would say that it does anticipate at least Claims 2 and 19. It does not have an LED. It does not expressly disclose an LED, which is in Claim 3. However, LEDs were common at the place. Even Mr. Conforti admitted in his responses to our statement of facts, that it was obvious to substitute an LED at the time for a normal light bulb. Obvious is a different issue, of course. With respect to anticipation, that may be a problem. Yes, and I think with respect to anticipation, the district court relied upon the Draco reference, Your Honor. And Draco, while Draco does not expressly state where the light is, it does say that the light is in the body, in the main body of the thermal scan. And again, Mr. Conforti, during the district court proceedings, admitted that a thermal scan is a standard infrared temperature device, wherein you have a handheld device with a probe shooting out from it, and it means to take the temperature. I get it. You wouldn't disagree with me if I said your strongest case was on obviousness and not necessarily anticipation. I would disagree, Your Honor. I think they're both strong. I believe Casio fully anticipates Claim 1. With respect to the testimony on it, Professor Schroeder, our expert, testified in length. He submitted an expert report, which while not part of the appendix, it's part of the record. It has a separate entry. It's Exhibit 51. It was so bulky it had to be separately submitted. And in that expert report, he said no less than six times that the Casio light would impinge upon the probe as well as illuminate behind the tip of the probe and in front of the tip of the probe. In his affidavit that was submitted in support of our motion for summary judgment, in paragraph 25 of that affidavit, he expressly said that those of ordinary skill in the art would recognize that the light sources in Casio, which are just an electric light bulb and or a halogen lamp, would not have sufficient collimation to not impinge upon the probe and that they do illuminate both behind the tip of the probe and in front of the tip of the probe. So we would maintain that Casio fully anticipates Claim 1. And as far as obviousness, of course, what do you expect? Mr. Lesch, if we get past anticipation with the very specific reading that Mr. DeFranco urges, how do you deal with the secondary considerations on obviousness? I deal with the secondary considerations in several respects, Your Honor. Number one, they were never presented to the district court. Number two, there's no support in this record either for them. While they've been argued in the facts section of the brief, there's no support for them. There's no evidence of them. And thirdly, even if there are any secondary, alleged secondary considerations, there's been no nexus to show any reason why they should be used to support non-obviousness of this specific claim language. This court, in several other cases, has said when there's primary, prime and fictitious evidence of obviousness, you need to have something strong to rebut that in terms of secondary evidence. Certainly leapfrog technologies, iron grip, are just exemplary cases which say that even when you can show secondary considerations, you have to have a nexus, and that's never been shown here. So that's how I think we would deal with those, Your Honor. You would deal with it on the theory that on summary judgment, the issues were obliged to be raised. Of course, they did talk about commercial success. He only talked about commercial success, Your Honor, vaguely in his argument. I don't believe he ever referred to it in the actual papers that were presented to his argument to the court. You're drawing the line between attorney argument and something else? I am. In terms of whether an issue was raised at trial? Well, I am to the extent that it was never fully articulated. I think what the case law says is that you can't just mention something. You actually have to develop it. It was never developed. There was never any support put in for the naked argument. I think you just can't say we have secondary considerations of commercial success without actually showing it. I just want to be sure I understand your position. It's that it doesn't matter whether there was or wasn't commercial success and other secondary considerations because of the position that it wasn't developed. It was never developed. In the summary judgment. Right. It was never developed in the summary judgment. And even on the record on appeal, Your Honor, while they make naked allegations of alleged secondary considerations, there isn't any record support that's supported for it. It's just attorney argument. There's nothing to support it. But we know it was commercially successful. Is that right? It was not. I don't believe it was commercially successful, Your Honor. I know that our client lists it as discontinued product. I don't believe it was commercially successful. I'm not aware of that. But we know the accused products were commercially successful. Is that it? No, Your Honor. That is our product. The accused product is our product. And I don't believe it was proved to be commercially successful. You're saying they were not successful or it wasn't proved? I'm saying both. I mean, I think they have discontinued the product. I think if it was a truly successful product, they would still be, you know, manufacturing it and selling it. But to my knowledge, they're not doing that anymore. To what extent can we read the patent disclosures as helping to establish a long-felt need? I don't think there was any long-felt need, as evidenced by the fact that people were getting along fine with just using a flashlight in combination with a normal air thermometer. It was a great convenience to combine the two, but it's not an invention. That's the same thing as Anderson's BlackRock, Your Honor. The Supreme Court said it might be a convenience to add the two together, but you don't get anything different than what you expect to get when you do add them together. I don't think there was anybody who said there was a great need for it. It was just convenient. And, in fact, that's what Casio says, too. You know, rather than have, you know, Casio refers to the fact that people used to use a handheld flashlight in combination with an air thermometer. You've just succeeded in doing a first. It's the first time I've ever heard anyone with an air of complimenting it mention the BlackRock opinion. I've never heard it mentioned as something to be followed and highly respected. Well, I think it should be followed. And the Supreme Court, again, and Casio referred to it, Your Honor, so I think they put some recognition in it as well. You're the first I've heard to say that. Thank you. Your Honor, while it was not addressed in the opening argument, there are other issues in this case as well. There is the alleged breach of the nondisclosure agreement and misappropriation of trade secret, which the district court granted summary judgment in our favor that there was none. What is the status of those claims? They were all decided but not appealed? No, those counts of the original complaint. Well, with respect to the Timex issues, they were not appealed, Your Honor. Timex had a separate summary judgment motion with respect to the fact that it did not. Okay, we understand. Timex just provided the trademark. Right. Now, with respect to the misappropriation of trade secrets and the alleged breach of the NDA, the nondisclosure agreement, I believe that there was an issue that was put in by Mr. Conforti on that point. However, he didn't address all the issues that were raised by us below, and as this Court has held many times, that we're entitled to rely upon all arguments presented and fully developed below in support of affirming the judgment, which is what we've done. He has not addressed several of those issues, and again, by not addressing them, he has waived them. Under a solo text, at least in his reply brief, he was obligated to come up with something to at least put the issue as a matter of fact, and he has not. Is the NDA's term publicly known coextensive with obviousness? No, I don't believe it is coextensive with obviousness, Your Honor. Does that give you a difficulty then? No, it doesn't. Because if you have to rely on obviousness as your source of bringing Casio and other things into the publicly known arena, there might be a difficulty, right? I don't believe so, Your Honor. You have to look at what Mr. Conforti actually disclosed to us. What did Mr. Conforti disclose to us? He disclosed a pamphlet, a two-page pamphlet, and on it the pamphlet said that the ear thermometer could optionally have an LED, light-emitting diode lamp, for nighttime use. Those two pages also had some photographs. It's impossible to tell from the photocopy of those things what those photographs really show. Is there anything in any of those photographs that shows a light on a thermometer? Not that we have been able to ascertain, Your Honor, but separate from that, Mr. Conforti testified that when he met with Mr. Jacobo of Ocean Group, he showed them a breadboard model which had a light positioned above and behind the probe, but he said it was not operational. Do we have anything in the record to show what that breadboard contained, other than that statement that I'm aware of? No, Your Honor. We don't have anything in the record. In fact, the only contemporaneous notes of Mr. Conforti that are in the record relate to a handwritten note that he made on or about the same day that he visited Mr. Jacobo, and that handwritten note did not say anything about a light being present in his presentation. But getting back to the question on whether or not we have an issue with respect to obviousness or not on the breach of the NDA, first off, with respect to the use of an LED, the actual use of an LED was fully disclosed verbatim in Draco. Separate apart from whether Draco shows which way the light's going, it says you can have an LED for nighttime use. With respect to just having a light positioned above and behind the probe, Casio fully shows that, even if operational or not operational, it shows that. So that's fully disclosed in Casio. Separate apart from that, there's a separate exception to the NDA, which says if you can show by your own written records that you had the information, you're not breaching it. And there is no dispute on this record that months before Mr. Conforti came to Ocean Group, the Ocean Group was already working on the ear thermometer with LED lights positioned on the sides of the probe. There's been no articulation in this record as to why that makes any difference, including, in fact, in his own patent. Mr. Conforti shows a light below the probe, above the probe, and surrounding the probe. There's been no statement by Mr. Conforti ever in this record as to why it makes a difference, and Casio fully shows a single light above the probe. Okay. Thank you, Mr. Nash. Thank you. Mr. DeFranco. I believe there is a genuine issue of material fact here on the obviousness issue. And that's because I think the prior art teaches away from the claimed invention. If you modified the prior art so that it pointed towards the probe, you would defeat the very purpose of the prior art, which is to focus the light on the patient. Now, Mr. Conforti wanted to focus that light on the probe for a reason, and I mentioned them earlier, so that you could see if the tip is clean before you actually insert it into somebody's ear, and so that you have some light to change those probe covers in a dark room. And his specification talks about the probe covers at length. Now, Your Honor, the description of the prior art, I would like to point you to the appendix, page A598. And that is the Sato reference, and that is the patent that was considered by the examiner to initially reject the claims of Mr. Conforti's patent. And the description of the prior art found there, it states that it describes a number of prior art thermometers that use the light as a finder. They use this narrow beam as a finder to locate and hone in on a spot in the ear canal. And they want to hone in on that spot so that they can get an accurate temperature reading. That's the whole purpose of the prior art. If you modify that prior art to all of a sudden change the focus of that light to the probe, you would defeat the very purpose of the prior art. And whether you're talking about Draco, whether you're talking about Casio, or whether you're talking about the prior art cited by the examiner, it all teaches the same thing, to hone in on the ear canal so that you can then guide the probe to that specific spot in the ear canal. Of course, all the claim says is that it's a means for the person taking temperature to measure the position of the probe to a desired area on the patient's body. That desired area could be the ear, right? Your Honor, I submitted... That's exact, I just quoted to you from the language of... And I understand, I know where you're talking about. So it's speaking in very broad terms, not in the narrow ones you gave us. Well, no, it's still talking about using the light that's shining on the tip of the probe, the region in front of and behind the tip of the probe. That's why... To find an area on the patient's body. That's a little different than the narrow reading you're giving it, isn't it? Well, it shines it on the tip of the probe because you can use that light on the tip. Because when you get close to the body with the prior hour, the light is not necessarily going to shine right in that ear. Whereas Mr. Conforti has it shining on the tip so that when you do get close to the body, the light is continuously on the tip of the probe even as you get right up to the ear. Whereas Casio, it shows that light separated from the probe. So that when you get up close to the ear, that light's going to hit somewhere up here on the head. It's not going to hit right in the ear. Because the purpose of the light in Casio and the other prior hour is simply to find the direction where you want to bring that probe. That's it. Once you're there, there's no need to illuminate the ear. Whereas Mr. Conforti, he continuously illuminates that tip so that when you do get close to the ear, you can still see within the ear because it's concentrated right on the probe itself, the tip of the probe. Your Honor, I see the language you're speaking to region in front of and behind. And to the extent you're having some question about the interpretation there, I submit that you must interpret it to preserve the validity of the patent here. Because to the extent it is subject to interpretations, I would contend that when you read that language, region in front of and behind the tip of the probe, illuminating in front of and behind the tip of the probe, that it means to brighten a specific region in front of and behind the tip. And Mr. Conforti's specification says that the light is pointed towards the tip or it's actually part of the tip itself. And all of the figures show that. None of them show the light separated from the probe. The light is actually either right behind the tip of the probe or it's actually focused on the tip of the probe. You have to read that language in the context of the specification. You cannot read it alone. Why doesn't the claim say that it illuminates the tip of the probe? Because I think the tip is a very fine point. And I think it would have to be a laser beam of light to illuminate just the tip. That's why it's saying a region in front of and behind the tip. So that then the cone of light, which a light usually has, the cone of light would define a specific region around the tip of the probe. Couldn't it have said just to illuminate the region of the tip, if that's what was meant? Well, I think it's because it was trying to distinguish over another prior reference where the light shined in advance of the tip or out in front of the tip, which is what Casio does. And the examiner rejected that claim over the prior art where it just said in front of the tip. And Mr. Conforti made it more definite, saying in front of and behind the tip to expressly define that region or focus of the light. And that's why he did that. I think we must move on. Any more questions for Mr. DeFranco? Thank you, Mr. DeFranco and Mr. Lesch. The case is taken under submission.